### KEENAN v. O'BRIEN et al.

*(Supreme Court, Special Term, New York County. January 14, 1889.)*

DEPOSITION—ABSENT PLAINTIFF—DISCRETION OF COURT.

Code Civil Proc. N. Y. §§ 887, 888, provide that, where an issue of fact has been joined in an action, a commission may be issued to take the testimony of a witness not within the state, where the applicant therefor makes affidavit that such testimony is material. Section 889 provides that where in such case a commission is applied for the application must be granted on satisfactory proof of the facts authorizing it, unless the court has reason to believe that such application is not made in good faith. *Held,* where an issue of fact was joined, that the court had no discretion to refuse an application for a commission to take the testimony of an absent plaintiff, in the absence of a showing that there was any lack of good faith; and that an allegation that plaintiff was absent from the state on account of a threatened criminal prosecution did not show such lack of good faith.

At chambers. Application by plaintiff for the issuance of a commission to take testimony in Canada, in an action by John Keenan against John O'Brien and Heman Clark.

*George Bliss,* for plaintiff. *E. T. Lovett, (Leslie W. Russell,* of counsel,) for defendant.

ANDREWS, J. Section 887 of the Code provides that in a case specified in section 888, where it appears by affidavit, on the application of either party, that the testimony of one or more witnesses not within the state is material to the applicant, a commission may be issued. The case specified in subdivision 5 of section 888 is where an issue of fact has been joined in an action pending in a court of record, and the testimony is material to the applicant in the prosecution or defense thereof. Section 889 provides that in a case specified in either of the subdivisions of section 888, except the third, the application for a commission must be granted upon satisfactory proof of the facts authorizing it, unless the court or judge has reason to believe that the application is not made in good faith, or unless an order for an open commission, or for taking depositions, is made as prescribed in the Code. It appears by the moving papers that an issue of fact has been joined in this action, that the plaintiff is not within the state, and that his testimony is material to himself in the prosecution thereof. Under these circumstances, the court has

no discretion in regard to granting or refusing the application, unless it has reason to believe that such application is not made in good faith. It sometimes happens that applications for commissions are made on behalf of defendants for the sole purpose of delaying the trial, and thus delaying the plaintiff in obtaining judgment. In other cases such applications are made— sometimes on behalf of plaintiffs and sometimes on behalf of defendants—for the sole purpose of harassing the opposite party, and causing him annoyance and expense. Applications of the character mentioned, not being made for the purpose of procuring material testimony, but for some improper purpose which the law does not sanction or countenance, must be regarded as not made in good faith, within the meaning of section 888 of the Code.

Upon the papers before me, I have no doubt that the testimony of the plaintiff is material in the prosecution of the action, and that the application is made for the sole purpose of procuring such testimony. It appears, however, that in October or November, 1886, the plaintiff was indicted in the court of general sessions in this city, and it is claimed on behalf of the defendants that the reason he does not return here is that he fears that he will be arrested, and compelled to submit to a trial under such indictment. The plaintiff's counsel, in his papers, has set forth the circumstances under which the plaintiff went to Canada, and under which he remains there, and insists that the plaintiff does not remain away from New York for the reason assigned by defendants. It is not necessary, however, to pass upon this point; for, assuming that the claim made by the defendants as to the reason why the plaintiff does not return to New York is well founded, I do not think that, under the provisions of the Code above cited, I have a discretion to deny the application for a commission. The Code, as above stated, declares that a commission must be issued, unless the court has reason to believe that the application is not made in good faith; but the fact that the plaintiff was indicted some months after he had gone to Canada, and does not see fit to return to this city and submit to an arrest and trial, furnishes no ground for belief that the application is not made in good faith for the purpose of obtaining testimony material to the prosecution of the action. Moreover, even if the court had a discretion in the matter beyond that which the Code gives it, I do not think the fact that an indictment of the plaintiff is pending in the general sessions in this city would be a sufficient reason why this court should decline to issue a commission to take plaintiff's testimony. Every person is presumed by the law to be innocent until he has been convicted, and it does not seem to me that it would be proper to deprive any person of the right to prosecute a civil action in this court, in the ordinary and usual manner, merely because an indictment had been found against him in the court of general sessions, and of his failure to return from a foreign country, to which he had gone long before the indictment was found. The case of *McMonagle* v. *Conkey*, 14 Hun, 326, cited by defendant's counsel, is very meagerly reported, but, so far as can be ascertained from such report, the facts of that case appear to have been so different from those which exist in this case that it cannot be regarded as an authority which should control my decision. The motion for an order that a commission issue in this action will be granted; but, if the commissioner named in the notice of motion is objected to by the defendants, I will consider the propriety of naming some other person.